**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **COALITION FOR HUMANE IMMIGRANT RIGHTS,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity**, *et al.*, <br><br> **Defendants.** | Civil Action No. 26-1084 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs in this case are Coalition for Humane Immigrant Rights and Make the Road New York — non-profit organizations dedicated to providing immigration assistance to non-citizens — and J.G.R. and L.F.H.R. — Mexican citizens who sought asylum in the United States but were removed by immigration officials using Revised Form I-867 which subjected them to expedited removal.  See ECF No. 6 (Compl.), ¶¶ 4–7.  Individual Plaintiffs bring this suit challenging their expedited removal from the United States on the ground that the Revised Form violates the Administrative Procedure Act, and they seek reentry to the United States with the opportunity to seek asylum again.  Id., ¶¶ 6–9.  Plaintiffs now move to proceed pseudonymously. See ECF No. 4 (Mot.).  As they have made a sufficient showing, the Court will grant the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I.    Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

The Court considers each factor separately. As to the first, while the Complaint does not involve "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the

2

identity of abused minors," it nonetheless contains "sensitive and highly personal information." In re Sealed Case, 971 F.3d at 327 (quotation marks omitted). Claims of abuse that lead to an individual's decision to seek asylum are private details. Asylumworks v. Wolf, 2020 WL 13460835, at *3 (D.D.C. Dec. 23, 2020) (finding first factor satisfied because declarations detailing "abuse, harassment, and threats [Plaintiffs] suffered that prompted their claims of asylum" were "also included in [the] complaint, and the underlying asylum claims are highly relevant to this action"). Plaintiff J.G.R. fled Mexico because "a drug cartel [] had attacked and stabbed him," while Plaintiff L.F.H.R. left Mexico after "a drug cartel had burned down his business and threatened him." Compl., ¶¶ 6–7. The facts leading to Plaintiffs' decisions to leave Mexico and seek asylum in the United States are personal and sensitive information.

The second factor also strongly supports granting pseudonymity. This factor considers whether plaintiffs face a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326 (citation omitted), and is strongest when plaintiffs identify particular and concrete threats. J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op. & Order) at 3–4 (D.D.C. Aug. 10, 2023). Preserving confidentiality of asylum-seekers is vital "precisely because the information, 'if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin.'" Asylumworks, 2020 WL 13460835, at *3 (quoting Anim v. Mukasey, 535 F.3d 243, 253 (4th Cir. 2008)). Plaintiffs initially left Mexico to escape violence from drug cartels and fled to the United States to seek asylum. See Mot. at 4. They were then removed pursuant to Revised Form I-867, and allege that "should it become known in Mexico that they were deported from the United States and are filing a lawsuit, people will target them

3

with continued threats, violence, and extortion." Id. This concrete threat of retaliatory harm strongly weighs in favor of pseudonymity.

The third factor is implicated when the privacy or safety interests of a minor are concerned — even for adult plaintiffs whose identities might reveal those of their children. See, e.g., Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op. & Order) at 4 (D.D.C. Oct. 13, 2023) ("To the extent that revealing Plaintiff's identity would also reveal the identities of his four minor children, proceeding pseudonymously would be appropriate."); J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op. & Order) at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity; "although Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up). While neither individual Plaintiff is a minor, they claim that their children face a risk of harm. See Mot. at 5. The Court thus believes this factor is neutral.

The fourth factor considers the defendant's identity: in this case, the Secretary of the Department of Homeland Security. In re Sealed Case, 971 F.3d at 326–27. This Court agrees with other courts in this district that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). The public interest in litigation against the government is reduced, however, where a plaintiff seeks individualized, rather than programmatic, relief. See Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op. & Order) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant, . . . the fourth factor favors pseudonymity.") (citation omitted). Here, Plaintiffs seek both individual and

4

programmatic relief.  They ask the Court to declare that Revised Form I-867 violates the APA and to enjoin Defendants from continuing to employ it.  See Compl. at 37–38.  Such rulings would constitute programmatic relief, as they would "'alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to' all those who have been or will be subject to Defendants' arrest practices."  Molina v. U.S. Dep't of Homeland Sec., 2025 WL 2800807, at *2 (D.D.C. Oct. 1, 2025) (quoting In re Sealed Case, 971 F.3d at 329).  Plaintiffs also seek to vindicate their own individual rights and ask the Court to "vacate the expedited removal orders issued to [them]" and "order Defendants to return [them] to the United States."  See Compl. at 38.  This factor, as a whole, nonetheless favors pseudonymity.  Molina, 2025 WL 2800807, *2 ("truly exceptional circumstances" where relief was both programmatic and individual weigh in favor of pseudonymity where there are "privacy interests, concrete safety risks, and [] sensitive nature of the underlying personal information") (quoting Doe v. Hill, 141 F.4th 291, 300 (D.C. Cir. 2025)).

Nor is the fifth factor — prejudice to defendants — at play here.  This factor is "not implicated" in instances where the defendant knows the plaintiff's identity.  In re Sealed Case, 971 F.3d at 326 n.1.  Plaintiffs have indicated that they will provide their full names and necessary identifying information to Defendants upon request.  See Mot. at 7.

Because four factors weigh in favor of pseudonymity, and the last does not overcome them, the Court holds that proceeding pseudonymously is warranted for the Plaintiffs in this case.

III.    Conclusion

The Court accordingly ORDERS that:

5

1.  Plaintiffs' [4] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2.  All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3.  Within fourteen days of this Order, Plaintiffs shall file:

    i.   A pseudonymous version of their [4] Motion and any attachments as a Notice to the Court on the public docket; and

    ii.  A sealed declaration containing their real names and residential addresses.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date:  April 7, 2026